**In the Interest of Christopher David ORTEGA, A Child.**

No. 08–06–00060–CV.

Court of Appeals of Texas, El Paso.

July 13, 2006.

Doris Sipes, El Paso, for appellant.

Daisy Everhart, El Paso, appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant, David Ortega, Jr., is appealing from default orders of the trial court entered in a suit to modify the parent-child relationship. Appellee Dianna Christine Bustillos filed a petition to modify child support. Appellant was duly cited and filed an answer and counter motion to modify. On the day of trial, Appellee appeared and her trial counsel announced ready but Appellant failed to appear. The trial court entered a default judgment in favor of Appellee and Appellant timely filed his notice of appeal.

Pending before the Court is the parties' agreed motion to set aside the trial court's judgment pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(B). On March 30, 2006, this Court ordered that the cause be referred to mediation. The parties have apparently reached an agreement regarding this matter. The parties now ask that we dismiss the appeal, reverse the default judgment and default order of withholding without reference to the merits, and remand to the trial court for further proceedings.[1] The parties have complied with the requirements of Rule 42.1(a)(2)(B).

We have considered this cause on the motion and conclude that the motion

---

1. This Court may dismiss an appeal pursuant to an agreement of the parties, but we are not permitted to dismiss and remand for further proceedings. *See e.g., Creech v. Pendergrass,* No. 08–01–00445–CV, 2002 WL 536296 (Tex. App.-El Paso April 11, 2002, no pet.)(not designated for publication). However, we may set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement of the parties. Tex.R.App.P. 42.1(2)(B). Consequently, we interpret the joint motion as requesting that we set aside the trial court's judgment without regard to the merits and that we remand to the trial court for further proceedings.

should be granted. Accordingly, the trial court's "ORDER IN SUIT TO MODIFY PARENT–CHILD RELATIONSHIP" signed on December 21, 2005, and "EMPLOYER'S ORDER TO WITHHOLD FROM EARNINGS FOR CHILD SUPPORT" signed on December 21, 2005, are set aside without regard to the merits and this cause is remanded to the trial court for rendition of judgment in accordance with the parties' agreement. *See* Tex. R.App.P. 42.1(a)(2)(B). The motion does not specify that the parties have reached an agreement regarding costs. Therefore, Appellant shall pay all costs incurred by reason of this appeal. Tex.R.App.P. 42.1(d).